IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
(CENTRAL ISLIP DIVISION)

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | Civil Action No. 24-6878 |
| v. | **COMPLAINT** |
| GARDEN CITY JEEP CHRYSLER DODGE, LLC; and VIP AUTO GROUP OF LONG ISLAND, INC., | Jury Trial Demanded |
| Defendants. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Party Raquel Ransey and a class of similarly aggrieved female employees who were adversely affected by such practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission alleges that Defendants violated Title VII by subjecting Charging Party and other female employees at Defendants' Hempstead car dealership to a hostile work environment based on their sex. That hostile work environment includes Defendants' Inventory Manager groping female employees' breasts and backsides, choking a female employee, and making sexual sounds and comments to female employees. The Commission further alleges that the hostile work environment was so intolerable that Charging Party and other female employees were constructively discharged.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant Garden City Jeep Chrysler Dodge, LLC ("Garden City Jeep") has been a New York corporation continuously doing business in the State of New York and Nassau County.

5. At all relevant times, Defendant VIP Auto Group of Long Island, Inc. ("VIP") (collectively with Garden City Jeep, "Defendants") has been a New York corporation continuously doing business in the State of New York and Nassau County.

6. At all relevant times, Defendant Garden City Jeep has continuously had at least 15 employees.

7. At all relevant times, Defendant VIP has continuously had at least 15 employees.

8. Garden City Jeep is a new and used car dealership located in Hempstead, New York.

9. VIP owns Garden City Jeep and a number of other car dealerships in Long Island.

10. VIP handles human resources functions for Garden City Jeep, including the receipt and investigation of discrimination complaints.

11. Application forms for employment at Garden City Jeep are on VIP letterhead.

12. Vacation request forms for employees at Garden City Jeep are on VIP letterhead.

13. New employees at Garden City Jeep sign a non-disparagement agreement that includes a promise not to defame "any of the dealerships or business which are part of the VIP Auto Group."

14. Employees regularly transferred between and among VIP dealerships, including Garden City Jeep.

15. At all relevant times, Defendants have operated as an integrated enterprise, single employer, or a joint employer of Garden City Jeep employees.

16. At all relevant times, Defendants have been employers engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

17. More than thirty days prior to the institution of this lawsuit, Charging Party Raquel Ransey filed a charge of discrimination with the Commission alleging violations of Title VII by Garden City Jeep.

18. On March 27, 2024, the Commission issued a Letter of Determination to Defendants notifying Defendants that the Commission found reasonable cause to believe that

Defendants violated Title VII and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

19. The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the unlawful employment practices described in the Letter of Determination.

20. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

21. On April 9, 2024, the Commission issued to Defendants a Notice of Failure of Conciliation advising Defendants that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

22. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

23. Since at least January 1, 2020, Defendants have engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Charging Party and similarly aggrieved female employees at Garden City Jeep to a hostile work environment based on sex.

24. Since at least January 1, 2020, Anthony Wilson has been the Inventory Manager at Garden City Jeep.

25. Since at least January 1, 2020, Wilson has repeatedly subjected female employees of Garden City Jeep, including Charging Party, to unwelcome conduct and comments of a sexual nature, including, but not limited to:

   a. Talking about and grabbing a female employee's backside;

    b. Massaging or grabbing female employees' shoulders;

    c. Running his hand down a female employee's body from her hair to just above her backside;

    d. Grabbing a female employee's breasts with two hands and then laughing;

    e. Choking a female employee and then grabbing her breasts;

    f. Touching a female employee's shoe and arm, while commenting on her beauty;

    g. Sexually moaning at, catcalling, and whistling at female employees;

    h. Telling a female employee that she looked good in certain outfits and smelled good;

    i. Gawking at female employees while sitting at his desk, touching himself under his shirt;

    j. Making rude sounds at female employees while handing them keys;

    k. Talking loudly with other male employees about women with whom he'd had sex; and

    l. Talking loudly about going on dates with certain female coworkers.

26. Multiple internal complaints were made in early 2021 by female employees about Wilson's sex-focused conduct and comments to multiple managers, including Garden City's General Manager.

27. Much of the harassment about which female employees was also witnessed by managers.

28. Nevertheless, Wilson received a mere written warning for only one of the multiple complained-of instances of groping, and no other discipline.

29. Letters detailing Wilson's harassment were sent to Defendants in June 2021.

30. Charges of discrimination relating to sexual harassment by Wilson were filed with the EEOC in September 2021, of which Defendants received notice.

31. A federal court lawsuit was filed in March 2022 against Garden City Jeep alleging that Wilson engaged in sexual harassment of Defendants female employees, of which Defendants received notice.

32. Charging Party began working as an automotive biller at Garden City Jeep in or around January 2022.

33. Wilson continued to subject female employees to unwelcome conduct and comments of a sexual nature, like that detailed in paragraph 25, including Charging Party.

34. Wilson subjected Charging Party to unwelcome comments and/or conduct of a sexual nature, like that detailed in paragraph 25, on an almost daily basis.

35. Wilson made physical contact with Charging Party's body without her consent on several occasions.

36. Charging Party objected to and rejected Wilson's conduct and comments.

37. Other male employees also subjected Charging Party and other female employees to unwelcome conduct and comments based on their sex and/or of a sexual nature including, but not limited to:

    a. A male employee came up to multiple female employees and said: "You bitches are slow."

    b. A male employee told a female employee he would "fuck the shit out of" her if she weren't already sleeping with another male colleague (with whom she was not sleeping).

    c. A male colleague spread a false rumor among employees at Garden City Jeep that he was sleeping with a female employee, including in cars at Garden City Jeep.

38. Charging Party and similarly aggrieved female employees repeatedly complained to Garden City's General Manager, other managers, and the VIP Director of Human Resources about much of the harassment described in paragraphs 25 and 37, above. Those complaints were generally ignored.

39. After the VIP Director of Human Resources investigated Charging Party's complaint, which came well after the lawsuit described in paragraph 31, above, Defendants told Charging Party that they would terminate Wilson's employment. But Defendants then gave Wilson only a ten-day suspension and a final warning.

40. Following Wilson's return to work, Charging Party was forced to walk by Wilson and otherwise be in close physical proximity to him multiple times each day.

41. Charging Party complained about her continuing close physical proximity to Wilson and how it made her feel unsafe. A manager told Charging Party that she could transfer to another VIP dealership or "man up" and work around Wilson.

42. In or around June 2022, Charging Party was forced to resign.

43. Charging Party explained that she was resigning "because the work environment became hostile and remained that way after I expressed how I felt. I no longer feel safe working here."

44. Charging Party suffered damages.

45. Defendants constructively discharged Charging Party and similarly aggrieved female employees by creating and maintaining an intolerable hostile work environment on the

basis of sex in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).

46. The effect of the practices complained of in paragraphs 23-45 above has been to deprive Charging Party and similarly aggrieved female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

47. The unlawful employment practices complained of in paragraphs 23-45 above were and are intentional.

48. The unlawful employment practices complained of in paragraphs 23-45 above were and are done with malice or with reckless indifference to the federally protected rights of Charging Party and similarly aggrieved female employees.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Issue a permanent injunction enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with Defendants, from engaging in unlawful employment practices that discriminate on the basis of sex, including harassment and the creation of a hostile work environment based on sex in violation of 42 U.S.C. § 2000e.

B. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for female employees and that eradicate the effects of Defendants' past and present unlawful employment practices.

C. Order Defendants to make whole Charging Party and similarly aggrieved female employees by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices.

D.       Order Defendants to make whole Charging Party and similarly aggrieved female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 23-45 above, in amounts to be determined at trial.

E.       Order Defendants to make whole Charging Party and similarly aggrieved female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of in paragraphs 23-45 above, including emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial.

F.       Order Defendants to pay Charging Party and similarly aggrieved female employees punitive damages for their malicious and reckless conduct, as described in paragraphs 23-45 above, in amounts to be determined at trial.

G.       Grant such further relief as the Court deems necessary and proper in the public interest.

H.       Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 30, 2024
New York, New York

                Respectfully submitted,

                KARLA GILBRIDE
                General Counsel

                CHRISTOPHER LAGE
                Deputy General Counsel

                U.S. EQUAL EMPLOYMENT OPPORTUNITY

COMMISSION
131 M Street, N.E.
Washington D.C. 20507

KIMBERLY A. CRUZ
Regional Attorney

<u>/s/ Daniel Seltzer</u>
Daniel Seltzer
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office, 33 Whitehall Street
Tel.: (929) 506-5308
daniel.seltzer@eeoc.gov

10