**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GARDEN CITY JEEP CHRYSLER DODGE, LLC; and VIP AUTO GROUP OF LONG ISLAND, INC.,**<br><br>**Defendants.** | **Civil Action No. 24-6878** |

**<u>CONSENT DECREE</u>**

On September 30, 2024, the U.S. Equal Employment Opportunity Commission ("EEOC") brought this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Raquel Ransey and a class of similarly aggrieved female employees. The EEOC alleged that Defendants Garden City Jeep Chrysler Dodge, LLC ("Garden City Jeep") and VIP Auto Group of Long Island, Inc. ("VIP") (collectively, "Defendants") violated Title VII by subjecting female employees at the Garden City Jeep car dealership to a hostile work environment based on their sex. The EEOC alleged that the hostile work environment included Defendants' Inventory Manager groping female employees and making sexual sounds and comments. The EEOC further alleged that the hostile work environment was so intolerable that Charging Party and other female employees were constructively discharged. Defendants deny that it engaged in conduct that violated any of the aforementioned statutes referenced in the Complaint.

In consideration of the mutual promises of the parties to this Decree, the sufficiency of which is hereby acknowledged, it is agreed, and IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

## GENERAL PROVISIONS

### Purpose of this Decree

1. The EEOC and Defendants desire to settle this action and therefore do hereby stipulate and consent to entry of the Decree as final and binding between the parties.

2. The Decree resolves all issues that were raised in the EEOC's Complaint and EEOC Charge of Discrimination number 520-2023-00317, which served as a jurisdictional prerequisite in this case. This Decree in no way affects the EEOC's right to process any other pending or future charges that may have been or will be filed against Defendants, or to commence civil actions on any such charges.

3. The EEOC and Defendants agree that this Court has jurisdiction over the subject matter of this litigation and the parties, that venue is proper, and that all administrative prerequisites have been met. No party will contest the validity of this Decree or the jurisdiction of the Court to enforce this Decree and its terms.

4. The terms of this Decree represent the full and complete agreement of the parties. The parties agree that this Decree may be entered without Findings of Fact and Conclusions of Law being made and entered by the Court.

### Definitions

5. Days: Refers to calendar days.

6. Effective Date: The effective date of this Decree is the date it is docketed by the Clerk of the Court after it is signed by and/or receives approval from the Court.

7. Garden City Employee: An employee that works or worked at the Garden City Jeep dealership.

**Applicability of Decree to Successors and Assigns or Upon Purchase, Merger or Consolidation**

8. At least sixty (60) days before any transfer of either Defendant's business or assets, Defendants must provide written notice of this lawsuit and a copy of the Complaint and this Decree to any potential purchaser of the business or its assets, and to any potential successors, assigns, or affiliates, including any entity with which either Defendant may merge or consolidate.

9. Defendants will provide written notice to the EEOC at least twenty-one (21) days before any transfer of either Defendant's business or assets.

**Amendments to this Decree**

10. This Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and approved or ordered by the Court, unless specifically set forth herein.

**Severability**

11. If one or more provisions of this Decree are rendered unlawful, unenforceable, or incapable of performance as a result of a legislative act or a decision by a court of competent jurisdiction, the provisions of this Decree that are not rendered unlawful, unenforceable, or incapable of performance will remain in full force and effect, and the parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful unenforceable, or incapable of performance, except to the extent that the intent of this Decree would be undermined.

**Breach of the Decree**

12. A breach of any term of this Decree by Defendants will be deemed a material and substantive breach of this Decree. Nothing in this Decree will be construed to preclude the EEOC from bringing proceedings to enforce this Decree if Defendants fail to perform any of the terms contained herein. This Decree will be construed by this Court under applicable federal law.

13. In the event that the compliance requirements described herein, other than the payments described in Paragraphs 31-43, below, are not completed by the dates set forth above, the EEOC shall provide written notice to Defendants of said non-compliance. Defendants will have fourteen (14) days from the receipt of the EEOC's written notice to remedy the untimely or incomplete compliance before the EEOC deems Defendants to be in default and the Agreement breached. If Defendants duly remedy the untimely or incomplete compliance before the expiration of that fourteen (14) day period, Defendants will not be in default and the Decree shall not be breached.

**Notices**

14. Except as otherwise provided for in this Decree, all notifications, reports, and communications to the parties required under this Decree will be made in writing and will be sufficient if emailed to the following persons (or their designated successors):

For the EEOC:

Daniel Seltzer
Trial Attorney
U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street Fl. 5
New York, NY 10004
(929) 506-5308
Email: daniel.seltzer@eeoc.gov and
decreemonitor.nydo@eeoc.gov

For Defendants:

Jennifer Sherven and
Edward Grimmett
Kaufman Dolowich LLP

135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 283-8743
Email: JSherven@kaufmandolowich.com and
EGrimmett@kaufmandolowich.com

Any party may change such addresses by written notice to the other parties setting forth contact information and an email address for this purpose.

## INJUNCTIVE RELIEF

### Injunctions

15. Defendants, their managers, officers, agents, and any other person or entity acting on behalf of Defendants, are hereby enjoined from violating Title VII by creating, maintaining, encouraging, condoning, and/or failing to prevent or correct a hostile work environment based on sex at Garden City Jeep.

16. Defendants, their managers, officers, agents, and any other person or entity acting on behalf of Defendants, are hereby enjoined from failing to take effective preventative or corrective measures in response to a Garden City Employee's complaint of sex-based harassment simply because the alleged harasser is a longtime, valued, or loyal employee.

17. Defendants, their managers, officers, agents, and any other person or entity acting on behalf of Defendants, are hereby enjoined from failing to take effective preventative and corrective measures if a Garden City Jeep Employee complains of sex-based harassment but there are no witnesses to the alleged harassment other than the complainant and the alleged harasser.

18. Defendants, their managers, officers, agents, and any other person or entity acting on behalf of Defendants, are hereby enjoined from engaging in unlawful retaliation of any kind against any Garden City Employee because such person has opposed or complained of any practice that employee believes violates Title VII, filed a charge of discrimination under Title VII, testified

or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under Title VII or this Decree.

**Postings and Distribution of Notices**

19. Within fifteen (15) days of the Effective Date, Defendants will conspicuously post and maintain at Garden City Jeep and VIP a "Notice of Lawsuit and Resolution" in all prominent places where employee notices are posted. A copy of the Notice of Resolution is attached as Exhibit A to this Decree. Within seven (7) days of posting, Defendants will certify in writing to the EEOC that they have posted copies of the Notice of Resolution.

20. Within fifteen (15) days of the Effective Date of this Decree, Defendants will post EEOC's most recently issued "Know Your Rights-Workplace Discrimination is Illegal" poster in conspicuous places at Garden City Jeep where employee notices are posted, including electronic spaces. If a Poster becomes defaced or illegible, Defendants will replace it with a clean copy.

**Revised Anti-Discrimination Policy**

21. Within sixty (60) days of the Effective Date, Defendants will distribute (in hard copy and email), and post on any employee-accessible intranet spaces, the sexual harassment section of all Garden City Jeep employee handbooks (the "Garden City Jeep sexual harassment policy") revised to include language that does the following:

a. Prohibits discrimination against employees on the basis of sex;

b. Prohibits any act, policy, or practice that creates, facilitates, or permits the existence of a hostile work environment based on sex through acts such as, but not limited to, physical or verbal abuse or derogatory comments;

c. Provides a definition of sexual harassment, with examples, and explains that conduct or comments an employee intends to be a joke or a compliment may

constitute sexual harassment;

d. Prohibits retaliation against employees for opposing employment practices they believe are discriminatory or for participating in any investigation, whether internal or external, of a complaint or report of discrimination, including sexual harassment;

e. Provides a definition of retaliation, with examples, including examples of potential adverse employment actions that include requiring an individual to transfer to another less convenient VIP dealership location after complaining of harassment;

f. Includes a complaint procedure designed to encourage employees to come forward with complaints and/or information regarding violations of the Garden City Jeep sexual harassment policy, which shall meet the following minimum criteria:

   i. Provides multiple effective mechanisms for reporting incidents of sex discrimination, including sexual harassment, and retaliation including, but not limited to, information about how to make a complaint—at any time—to the EEOC and New York State Division of Human Rights;

   ii. Encourages prompt reporting, including bystander reporting, of any violations of the Garden City Jeep sexual harassment policy;

   iii. Provides that complaints of sex discrimination, including sexual harassment, or retaliation can be made either in writing

or verbally;

iv. Includes a complaint form which an employee may, but is not required, to use;

v. Identifies, by name, title, email address, and phone number, employees to whom a complaint can be made;

vi. States that making complaints to the person who is allegedly perpetrating the sex discrimination, including sexual harassment, or retaliation, even if that person is a supervisor or manager, is not required under any circumstances;

vii. Provides assurance that complaints shall not be subjected to retaliation;

viii. States that complaints will be kept confidential to the extent practicable under the circumstances;

ix. States that any non-anonymous complaining party will be promptly informed once an investigation of sex discrimination, including sexual harassment, or retaliation has been completed about the outcome of that investigation, including any remedial actions taken;

x. Requires the prompt investigation of complaints of sex discrimination, including sexual harassment, and retaliation;

xii. Provides that prompt and effective action will be taken to prevent any future sexual harassment even when there are no witnesses to the reported harassment other than the

complainant and the alleged harasser.

xi. Provides for the discipline, up to and including immediate discharge, of anyone who violates the Garden City Jeep sexual harassment policy; and

xii. States that all supervisors and managers, of whatever rank, have a duty to report any and all observations or complaints of potential discrimination, harassment, or retaliation directly to Erin Leone, Joel Sporn, and Keith Donnelly, and that failure to carry out this duty is grounds for disciplinary action, up to and including immediate discharge.

22. Defendants will provide all new Garden City Employees with copies of the revised Garden City Jeep sexual harassment policy within seven (7) days of the commencement of their employment.

23. The revised Garden City Jeep sexual harassment policy must be included in any full handbook issued more than sixty (60) days after the Effective Date.

24. Within sixty (60) days of the Effective Date, and on an annual basis within sixty (60) days of the anniversary of the Effective Date thereafter, Defendants will certify in writing to the EEOC that they have distributed the revised Garden City Jeep sexual harassment policy in accordance with the above terms. On the Effective Date and each subsequent anniversary of the Effective Date, the Owner or Chief Executive Officer of VIP will send an email to all Garden City Jeep employees that, at a minimum, emphasizes Defendants' commitment to ensure a safe, harassment-free workplace and encourages reporting, including bystander reporting, of any violations of the Garden City Jeep sexual harassment policy.

**Anti-Discrimination Training**

25. Within sixty (60) days of the Effective Date, and on an annual basis within sixty (60) days of the anniversary of the Effective Date thereafter, Defendants will have an outside training provider provide all employees with human resources or supervisory functions at Garden City and VIP, including Keith Donnelly and Joel Sporn, with no fewer than three (3) hours of live (either in-person or virtually), interactive training on Title VII's prohibition on sex-based harassment, including sexual harassment; how to encourage, document, and handle complaints of sex-based harassment; the revised Garden City Jeep sexual harassment policy in the employee handbooks; and any other changes in policy and procedures affected by this Decree. Any newly hired employees in these categories and/or employees who assume human resources or supervisory responsibilities after the training has been completed in accordance with this Paragraph will be required to watch a videorecorded version of the training within forty-five (45) days of their start date or the date responsibilities were assumed.

26. Within sixty (60) days of the Effective Date, and on an annual basis within sixty (60) days of the anniversary of the Effective Date thereafter, Defendants will have an outside training provider provide all non-supervisory, non-human-resources Garden City Employees with no fewer than two (2) hour of live (either in-person or virtually), interactive training on Title VII's prohibition on sex-based harassment, including sexual harassment; how and to whom sex-based harassment can be reported; and the revised Garden City Jeep sexual harassment policy in the employee handbook. Newly hired non-supervisory, non-human-resources employees will be required to watch a videorecorded version of the training within fourteen (14) days of their start date if hired after the training has been completed for the year. Within fifteen (15) days of the completion of any training described in the preceding paragraphs, Defendants will provide the

EEOC with a copy of an attendance sheet signed by all attendees and a list of the employees, if any, who did not attend training as required. At least thirty (30) days prior to the required trainings discussed above, Defendants will provide the EEOC notice of the date, time, and location of the scheduled training. The EEOC, at its discretion, may request a recording of any training session.

**Reporting Harassment Complaints**

27. Starting six months after the Effective Date and every six months thereafter, Defendants will provide a report to the EEOC identifying all Garden City Employees who have made a complaint (formal or informal, verbal or written) of sex-based harassment, including sexual harassment. Each individual will be identified by first and last name, position, and the date of their complaint. In addition, Defendants will include in each report a description of the complaint, Defendants' response to the complaint or request, whether an investigation was conducted and the ultimate outcome. All documents related to each complaint and investigation will be provided along with each report.

**No-rehire of Anthony Wilson**

28. Defendants will not rehire, retain, or employ Anthony Wilson in any capacity for the duration of the Decree.

29. Within fifteen (15) days of the Effective Date, Defendants will place a copy of this Decree, the Complaint (ECF No. 1) in this action, and the Complaint in Jessica Talavera and Vanessa Bailey v. Garden City Jeep Chrysler Dodge, LLC, 22-cv-03109 (E.D.N.Y. filed March 9, 2022) in Anthony Wilson's personnel file.

**Recordkeeping**

30. Defendants will maintain any such records as are necessary to demonstrate their compliance with the Decree and Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c); and 29 C.F.R.

Part 1602 et seq. and to verify that the reports submitted pursuant to this Consent Decree are accurate.

## MONETARY RELIEF

31. Defendants will pay the total gross sum of $175,000 in damages to Charging Party and other aggrieved female employees.

32. Defendants will pay the gross sum of $115,000 in damages to Charging Party. $10,000 of that payment will be treated as backpay ("Backpay Payment") and $105,000 will be treated as compensatory damages ("Compensatory Payment").

33. Within thirty (30) days of the Effective Date, Defendants will send a check for the Backpay Payment and IRS form W-2 by an agreed-upon trackable method of delivery to Charging Party.

34. Within thirty (30) days of the Effective Date, Defendants will send a check for the Compensatory Payment and IRS form 1099 by an agreed-upon trackable method of delivery to Charging Party. No withholdings will be made from the Compensatory Payment.

35. The EEOC will provide Defendants with Charging Party's W-9 and W-4 and the address to which the Backpay Payment and Compensatory Payment should be directed no later than three (3) days after the Effective Date. A photocopy of the checks, related tax documents and any related correspondence sent to Charging Party shall also be sent to the EEOC by email to daniel.seltzer@eeoc.gov and consentdecreemonitor@eeoc.gov within five (5) days that the documents are sent to Charging Party.

36. Defendants will make all required withholdings for applicable federal, state, and local income taxes and Charging Party's share of federal payroll taxes from the Backpay Payment. Defendants will be responsible for any tax obligation Defendants incur from the Backpay Payment,

including the employer's share of federal payroll taxes, with such amounts being in addition to Defendants' payment in Paragraphs 32, above.

37. Defendants will pay a gross sum of $60,000 in damages to other aggrieved female current or former employees. All $60,000 will be treated as compensatory damages.

38. Within thirty (30) days of the Effective Date, the EEOC will provide Defendants with the names of the aggrieved female current or former employees receiving payment, the amount each aggrieved female current or former employee is to receive, the addresses to which payments should be directed, and their IRS Form W-9 to enable Defendants to issue the aforementioned payments. The recipients and amounts will be at EEOC's sole discretion; Defendants may not challenge that distribution in any way.

39. Within thirty (30) days of receiving the list and documentation described in Paragraph 38, above, Defendants will send a checks and IRS form 1099s by an agreed-upon trackable method of delivery to the aggrieved female current or former employees No withholdings will be made from the payments.

40. A photocopy of the checks, related tax documents and any related correspondence sent to aggrieved female current or former employees shall also be sent to the EEOC by email to daniel.seltzer@eeoc.gov and consentdecreemonitor@eeoc.gov within five (5) days that the documents are sent to the aggrieved female employees.

41. It is agreed and acknowledged that the payment described in Paragraph 31, above, and all portions of that payment described thereafter, are in settlement of damages, as set forth herein, and constitute a debt owed to and collectible by the United States.

42. If Defendants fail to tender the payments described in this Section, Defendants will pay interest on the defaulted payment(s) at the rate calculated pursuant to 26 U.S.C. § 6621(b)

until the same is paid, and bear any additional costs and expenses incurred by Defendants' non-compliance or delay including, but not limited to, those costs relating to court intervention and collection. No interest shall begin to accrue until fourteen (14) days from a written notice of default from the EEOC.

43. Under no circumstances will any of the payment described in Paragraph 31, above and thereafter revert to Defendants. If any of the payment cannot be delivered to, or accepted by, an aggrieved female current or former employee, the EEOC may elect in its sole discretion to have that portion of the payment re-sent to the designated aggrieved female current or former employee or redistributed to Charging Party or other aggrieved female current or former employees.

**The EEOC's Reporting Requirements under IRC Sections 162(f) and 6050X**

44. The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide Defendants with a copy of the 1098-F form that it will provide to the Internal Revenue Service ("IRS").

45. Defendants' EINs are: (a) Garden City Jeep: 20-3491851; (b) VIP: 81-4121485.

The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is:

Joel Sporn

3195 Hempstead Turnpike

Levittown, New York 11756

46. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The

provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## MISCELLANEOUS PROVISIONS

47. Except as otherwise provided herein, the parties will bear their own expenses, attorneys' fees, and costs.

48. When this Decree requires a certification by Defendants of any fact(s), such certification must be made under oath or penalty of perjury by an officer or management employee of Defendants.

## DURATION OF THE DECREE

49. Unless otherwise indicated in this Decree, this Decree will remain in effect for two years from the Effective Date. The Decree will not expire against any signatory while any enforcement action is pending against that signatory.

50. If the EEOC has notified Defendants in writing not less than fourteen (14) days in advance of the expiration of this Decree that Defendants are not in compliance with any section of this Decree and identifies the specific violation(s) of this Decree in writing, Defendants' obligations under this Decree will remain in effect until Defendants remedy the specific violations identified by the EEOC.

51. The Court will retain jurisdiction over this action for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief

provided herein. Upon signature and approval by the Court, the matter may be administratively closed but will not be dismissed.

## SIGNATURES

52. Each signatory to this Decree represents that each is fully authorized to execute this Decree and to bind the parties on whose behalf each signs. By signing this Decree, each party acknowledges that it has read and understands the terms of this Decree and agrees to be bound by the terms of this Decree.

**FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

CHRISTOPHER LAGE
Deputy General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, D.C., 20507

Kimberly A. Cruz Digitally signed by Kimberly A. Cruz
Date: 2026.09.29 13:29:24 -04'00'

KIMBERLY A. CRUZ
Regional Attorney
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Telephone: (929) 506-5345
E-mail: Kimberly.Cruz@eeoc.gov

DANIEL SELTZER
Trial Attorney
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Telephone: (929) 506-5308
E-mail: Daniel.Seltzer@eeoc.gov

For Defendants:

______________________________
Joel Sporn
Title: Owner

As to Form Only:

______________________________
Kaufman Dolowich LLP
Edward Grimmett, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, New York 1197
Title: Counsel for Defendants

SO ORDERED this _____ day of _______________, 2026.

_________________________________________
United States District Judge

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Website: www.eeoc.gov

## NOTICE OF LAWSUIT AND RESOLUTION

This Notice is being posted pursuant to a Consent Decree entered in resolution of *U.S. Equal Employment Opportunity Commission v. Garden City Jeep Chrysler Dodge, LLC and VIP Auto Group of Long Island, Inc*., Case No. 24-cv-6878 in the United States District Court for the Eastern District of New York.

The EEOC's lawsuit under Title VII of the Civil Rights Acts of 1964 alleged that Defendants subjected female employees at the Garden City Jeep dealership to a hostile work environment based on their sex that included Defendants' Inventory Manager groping female employees and making sexual sounds and comments to female employees. Defendants deny that they violated Title VII and are firmly committed to maintaining a workplace that is free from discrimination, harassment, and retaliation. This commitment is set forth in Defendants' Equal Opportunity, Anti-Discrimination, and Anti-Harassment Policy, which can be found at https://workforcenow.adp.com/theme/admin.html#/home.

Federal law prohibits discrimination in employment based on sex, including harassment. Federal law also prohibits retaliation against any employee who makes a complaint or files a charge of discrimination, opposes unlawful activity, or otherwise exercises their rights under the law.
Pursuant to the Consent Decree, Defendants:

1. Are enjoined from subjecting any employee to sex-based harassment and from retaliating against any person who complaints about harassment;
2. Are required to fully investigate and document all complaints of sex-based harassment;
3. Will revise the sexual harassment section of their employee handbooks to ensure harassment is prevented and corrected and that employees who complain about harassment are protected;
4. Will provide training to managers and employees on the prohibition again sex-based harassment and the handling of harassment complaints;
5. Will report all complaints of sex-based harassment to the EEOC; and
6. Permit the EEOC to monitor compliance with the Consent Decree.

Should you have any complaints or questions regarding employment discrimination, contact the EEOC at:

U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004
Phone: 1-800-669-4000
TTY (for hearing impaired): 1-800-669-6820 | ASL Video Phone (for hearing impaired): 1-844-234-5122
Website: http://www.eeoc.gov

Date: _______________

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE ALTERED OR DEFACED BY ANYONE OR COVERED BY ANY OTHER MATERIAL**

This Notice must remain posted for two years from the date shown above. Any questions concerning this Notice or compliance with its provisions may be directed to the EEOC.